UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY HARRIS,<br><br>                    Plaintiff,<br><br>          v.<br><br>ADAMS COUNTY DOMESTIC RELATIONS, et al.,<br><br>                    Defendants | CIVIL ACTION NO. 1:14-CV-02074<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

Plaintiff Terry Harris, proceeding *pro* se, filed this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). For the reasons provided herein, it is recommended that Plaintiff's complaint be dismissed (Doc. 1).

**I.   BACKGROUND**

Plaintiff Terry Harris filed the instant civil rights action on October 28, 2014, against Adams County Domestic Relations; Director, William Gold; Assistant Director, Susan Gantz; Supervisor, Kelly Carothers; Supervisor, Emily Coolbaugh; Caseworker, Sarah E. Deihl; Judge Robert G. Bigham; Assistant District Attorney, Bernard A. Yannetti; Caseworker Brett Dillman; Administrative Assistant, Sherri Piper, Carol N. Newman, and Genevieve Dobson. (Doc. 1). In his complaint, Harris alleges that the above-named Defendants violated his constitutional rights under the First, Eighth, and Fourteenth Amendments by refusing to grant him visitation rights of his son and refusing to modify his child support obligations in light of documentation attesting to an unspecified disability that interferes with his ability to secure permanent employment. (Doc. 1). Specifically, Harris alleges that the Adams County Court of Common Pleas erred in denying his petition to modify his existing child support order on the

basis that there has been a substantial and material change in circumstances with respect to his inability to work as a result of a physical disability. While he obtained employment with Pepsi on July 20, 2014, he was terminated from that employment on September 3, 2014 because "Pepsi failed to accommodate [his] disability." (Doc. 1, at 3). He alleges that he only receives $750 per month in social security income, which does not cover his rent payments, medical bills, and other expenses. He further alleges that he is being threatened with imprisonment for failure to make child support payments. Harris seeks compensatory damages, punitive damages, and an injunction vacating his child support payments, and granting him visitation rights.

## II. SECTION 1915A STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. Appx. 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks*, 568 F. Supp. 2d at 588.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards

governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). In order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a motion to dismiss, a trial court must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face

of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

    A. *Younger* Abstention

As an initial matter, the Court considers whether it is required to abstain under *Younger*.[1] "Abstention under *Younger* is appropriate where certain state law proceedings are pending, including some domestic relations disputes." *Dixon v. Kuhn*, 257 Fed.Appx. 553, 555 (3d Cir. 2007)(citing *Yang v. Tsui*, 416 F.3d 199 (3d Cir. 2005)). In order for a district court to abstain under *Younger*, three criteria must be met: "(1) ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to present federal claims." *Dixon v. Kuhn*, 257 Fed.Appx. at 555 (citation omitted). "The *Younger* doctrine is based on comity and the notion that comity makes it undesirable to permit a party access to a federal court when he is currently

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971)

involved in state proceedings where he can secure an adjudication of his constitutional claim." *FOCUS v. Allegheny Cnty. Court of Common Pleas*, 75 F.3d 834, 844 (3d Cir. 1996).

Harris clearly meets the first prong, as the state proceedings with respect to his child support are "ongoing," and "require the state court's continuing participation." *Jones v. Pa. Dep't of Pub. Welfare*, No. CIV.A. 03-CV-3610, 2004 WL 1175808, at *4 (E.D. Pa. May 27, 2004) Specifically, pursuant to Pennsylvania law, "parents are liable for the support of unemancipated children under the age of 18." *Jones*, 2004 WL 1175808, at *4 (citing 23 Pa. C.S.A. § 4321(2)). In making an order of support, a Pennsylvania court "shall at all times maintain jurisdiction of the matter for the purpose of enforcement of the order and for the purpose of increasing, decreasing, modifying or rescinding the order." 23 Pa. C.S.A. § 4352(a)). As such, "a party subject to a child support order 'is a party to an open case that will not terminate until the child support order is finally discharged.'" *Dixon*, 257 Fed. Appx. at 555 (quoting *Anthony v. Council*, 316 F.3d 412, 419 n.9 (3d Cir. 2003)(nothing that "child support orders . . . endure for many years . . . [and] state courts continually monitor, enforce and modify child support orders").[2] Moreover, "[i]t is reasonable to conclude that custody proceedings must also be viewed as a whole, rather than as individual, [discrete] hearings." *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 623 (E.D. Pa.) *aff'd*, 572 F. App'x 68 (3d Cir. 2014)(quoting *Stefanov v. Ross,* No. 12–0472, 2013 WL 3754819, at *5 (M.D. Pa. July 15, 2013)).

With respect to the second prong, "Pennsylvania has important interests in enforcing child support obligations, the proper functioning of its own court system, and enforcing contempt orders." *Jones*, 2004 WL 1175808, at *4 (citing *Judice v. Vail,* 430 U.S. 327 (1977)); *see*

---

[2] As identified above, Pennsylvania law grants Pennsylvania courts and agencies much the same powers that New Jersey law grants its courts, as addressed in *Anthony*.

also *Sheils v. Bucks Cnty. Domestic Relations Section*, 921 F. Supp. 2d 396, 411 (E.D. Pa. 2013) ("[T]here can be no doubt that child support-related proceedings are quintessential 'domestic relations [proceedings that] are traditionally the domain of state courts' . . . thus implicating important state interests.") (citing *Yang v. Tsui,* 416 F.3d 199, 204 (3d Cir.2005)). As Harris contests his child support enforcement and custody proceedings, functions particular to the state court that has the authority to order and direct the payment of child support as well as determine custody, the second prong is satisfied.

Third, there is no suggestion that Harris could not have raised his constitutional claims in state court proceedings. "Absent some showing of a procedural defect, the presumption is that '[s]tate courts are every bit as competent to deal with the [plaintiff's] claims . . . as are the federal courts and this, of course, includes the ability to address claims under both the State constitution and the Federal constitution." *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 629 (E.D. Pa.) *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (quoting *Lui v. Comm'n on Adult Entm't Establishments,* 369 F.3d 319, 326 (3d Cir. 2004)). Specifically, "[t]here is no bar in custody proceedings to a parent's raising his federal constitutional rights. In fact, Pennsylvania courts have entertained such claims in custody cases." *Mikhail*, 991 F. Supp. 2d at 629; *see also Schmehl v. Wegelin,* 927 A.2d 183, 187 (2007) (addressing an equal protection challenge); *Everett v. Parker,* 889 A.2d 578, 580 (Pa. Super. Ct. 2005) (addressing a due process challenge); *Luminella v. Marcocci,* 814 A.2d 711 (Pa. Super. Ct. 2002) (addressing a Fourth Amendment claim); *Jackson v. Garland,* 622 A.2d 969, 971 (1993) (addressing Fourteenth Amendment claim). As such, the third requirement is satisfied.

Finally, this Court must evaluate whether an exception to the *Younger* doctrine applies here. The Third Circuit has established that:

> Even when the[ ] three [*Younger*] requirements are met, it is inappropriate to abstain . . . if the plaintiff establishes that "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute, such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted."

*Schall v. Joyce,* 885 F.2d 101, 106 (3d Cir. 1989) (citing *Middlesex Cnty. Ethics Comm.,* 457 U.S. 423, 435 (1982)). These exceptions have been "narrowly construed." *Loftus v. Township of Lawrence Park,* 764 F.Supp. 354, 357 (W.D. Pa. 1991). Indeed, other courts have recognized that the "Supreme Court has only applied this exception upon a showing that the federal plaintiff 'cannot adequately assert [his] claims because of an unavailable or biased state forum*.*" *Pappas v. Twp. of Galloway*, 565 F. Supp. 2d 581, 590 (D.N.J. 2008) (citing *Safe Haven Sober Houses, LLC v. City of Boston,* 517 F.Supp.2d 557, 562–63 (D.Mass.2007) (citing *Dombrowski v. Pfister,* 380 U.S. 479, 482 (1965)); *Carroll v. City of Mount Clemens,* 945 F.Supp. 1071, 1075 (E.D. Mich. 1996) (citing *Juidice v. Vail,* 430 U.S. 327 (1977)).[3] Here, Plaintiff has failed to allege that his custody or child support proceedings were initiated in bad faith or to harass. Rather, "[h]is allegations of bias are limited to alleged 'vendetta' of the state [and] county defendants in this case." *Pappas,* 565 F.Supp. 2d at 590. As such, there are no facts of bias and harassment that Plaintiff could allege here that would undermine the appropriateness of abstention under

---

[3] One commentator has noted:

> [S]ince Younger, there is not a single instance in which the Supreme Court has applied his exception and found a state action to constitute a bad faith prosecution . . . . In fact, commentators have observed that 'the universe of bad-faith-harassment claims that can be established is virtually empty.'

Erwin Chemerinsky, Federal Jurisdiction § 13.4 (4th ed.2004) (citing *Owen M. Fiss, Dombrowski,* 86 Yale L.J. 1103, 1115 (1977)); C. Keith Wingate, *The Bad Faith–Harassment Exception to the Younger Doctrine: Exploring the Empty Universe,* 5 Rev. of Litig. 123 (1986).

*Younger* "where the criteria warranting such abstention are otherwise satisfied." *Id.* Moreover, Harris has failed to allege the "existence of any extraordinary circumstances which would prevent this Court from deferring to the state court proceedings." *Van Tassel v. Lawrence Country Domestic Relations Section*, No. CIV. A. 09-266, 2009 WL 2588815, at *5 (W.D. Pa. Aug. 19, 2009). Accordingly, this Court recommends dismissal of Harris's claims for injunctive relief[4] on the basis that the *Younger* doctrine requires abstention.

B. FEDERAL CIVIL RIGHTS CLAIMS AGAINST DEFENDANT GENEVIEVE DOBSON

Harris asserts federal civil rights claims under 42 U.S.C. § 1983 against Genevieve Dobson, the individual who currently has custody over, and receives child support payments for Harris's fifteen-year-old son. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To establish a § 1983 claim, a plaintiff must establish that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

The "under color of state law" element of § 1983 excludes from its reach "merely private

---

[4] The Third Circuit has not extended the *Younger* abstention doctrine to a plaintiff's claims for money damages. *See Marran v. Marran*, 376 F.3d 143, 155 (3d Cir. 2004).

conduct, no matter how discriminatory or wrongful." *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). It is beyond cavil that Defendant Genevieve Dobson is a private individual, not an arm of the state.

Under limited circumstances, a private individual may be liable under § 1983 if his or her conduct is so closely related to governmental conduct that it can be fairly viewed as conduct of the state itself. *See Mark*, 51 F.3d at 1142–43 (detailing the various tests used to analyze whether private conduct may be treated as state action). But none of the conduct alleged by Harris can be fairly viewed as state action. Specifically, beyond his conclusory allegations of a conspiracy, Harris fails to allege facts to plausibly demonstrate that Genevieve Dobson "acted with the help of or in concert with state officials." *Mark*, 51 F.3d at 1142. The mere fact that she prevailed in state court litigation with respect to custody of Harris's son does not convert her into a state actor. *See Clapp v. LeBoeuf, Lamb, Leiby & MacRae*, 862 F. Supp. 1050, 1059 (S.D.N.Y. 1994). Accordingly, the Harris's § 1983 federal civil rights claims against Defendant Genevieve Dobson must be dismissed for failure to state a claim.

C. CLAIMS AGAINST ADAMS COUNTY DOMESTIC RELATIONS SECTION

Harris's claims against the Adams County Domestic Relations Section are barred by the Eleventh Amendment. The Adams County Domestic Relations Section is entitled to Eleventh Amendment immunity, "even when the state is not a named defendant, if the state is deemed to be the real party in interest." *Van Tassel v. Lawrence Cnty. Domestic Relations Section*, 659 F. Supp. 2d 672, 694 (W.D. Pa. 2009) *aff'd sub nom. Van Tassel v. Lawrence Cnty. Domestic Relations Sections*, 390 F. App'x 201 (3d Cir. 2010)(citing *Benn v. First Judicial Dist. of Pa.,* 426 F.3d 233 (3rd Cir. 2005)). Specifically, a state is considered to be the real party in interest when a lawsuit is brought against an agency deemed to be an "arm" of the state. *See Regents of Univ. of Cal. v.*

*Doe,* 519 U.S. 425, 430 (1997); *Benn,* 426 F.3d at 241. Pennsylvania has a unified judicial system comprised of both courts and its agencies. "[A]ll components of the judicial branch of the Pennsylvania government are state entities and thus are not persons for section 1983 purposes." *Callahan v. City of Philadelphia,* 207 F.3d 668, 674 (3d Cir.2000). The Adams County Domestic Relations Office is a subunit, or component of the Adams County Court of Common Pleas, and as a result, is entitled to Eleventh Amendment immunity. *See* 42 Pa. C.S.A. § 961 ("Each court of common pleas shall have a domestic relations section . . . ."").[5] Accordingly, this Court recommends dismissal of all claims against the Adams County Domestic Relations Section.

D. OFFICIAL-CAPACITY CLAIMS AGAINST STATE JUDICIAL AGENCY EMPLOYEES

Eleventh Amendment immunity also extends to state officials sued in their official capacities because the state is the real party in interest. As such, Director, William Gold; Assistant Director, Susan Gantz; Supervisor, Kelly Carothers; Supervisor, Emily Coolbaugh; Supervisor, Carol N. Newman; Caseworker, Sarah E. Deihl; Administrative Assistant, Sherri Piper; and Caseworker, Brett Dillman, are entitled to sovereign immunity in their official capacities. *See Concert v. Luzerne Cnty. Dep't. of Children & Youth*, No. 3:10–CV–1219, 2010 WL 2505685, at *5 (M.D. Pa. 2010) ("Absent an express waiver of the immunity established by the Eleventh Amendment . . . agencies, *and their employees* who are sued in their official capacities, are absolutely immune from lawsuits in federal court.") (emphasis added). Accordingly, this

---

[5] In addition to the complaint in this matter (Doc. 1), the Court has considered various documents explicitly incorporated into the complaint by reference, including matters of public record of which the Court may properly take judicial notice in ruling on a Rule 12(b)(6) motion. *See* Fed. R. Evid. 201; *Christman v. Skinner,* 468 F.2d 723, 726 (2d Cir. 1972); *Hodges v. Klein,* 421 F. Supp. 1224, 1233 (D.N.J. 1976), *aff'd*, 562 F2d. 276 (3d Cir. 1977) (per curiam). Specifically, this Court takes judicial notice the Domestic Relations Section webpage on the Adams County Court of Common Pleas website, which is publically available at http://www.adamscounty.us/Dept/CourtofCommonPleas/DomesticRelations/Pages/default.aspx.

Court recommends dismissal of all official-capacity claims against Defendants Gold, Gantz, Carothers, Coolbaugh, Newman, Deihl, Piper, and Dillman with prejudice.

E. INDIVIDUAL-CAPACITY CLAIMS AGAINST STATE JUDICIAL AGENCY EMPLOYEES

To the extent that the complaint seeks to hold state judicial agency employees of the Adams County Domestic Relations Section, including Director, William Gold; Assistant Director, Susan Gantz; Supervisor, Kelly Carothers; Supervisor Emily Coolbaugh; Supervisor Carol N. Newman; Caseworker, Sarah E. Deihl; Administrative Assistant, Sherri Piper; and Caseworker, Brett Dillman *personally* liable for damages, "it is well-settled that these officials are also individually cloaked with immunity from liability."[6] *Concert*, 2010 WL 2505685, at *5. Specifically, "quasi-judicial officers, who act in accordance with their duties or at the direction of a judicial officer, also are immune from suit." *Stout v. Naus,* 09–390, 2009 WL 1794989, at 3 (M.D. Pa. 2009). "This immunity embraces court personnel like Domestic Relations staff, who perform discretionary functions under the guidance and direction of the courts." *Concert*, 2010 WL 2505685, at *5. Here, Harris has failed to plead facts in his complaint demonstrating that these named Defendants acted outside of the scope of their duties or without the direction of a judicial officer.[7] More importantly, there are no facts that could be pled that would place these

---

[6] Harris's claims against these judicial officers include "deliberate indifference, misuse of power, discrimination, cruel and unusual punishment, denial of due process, intentional negligence [and] conspiracy." (Doc. 1, at 9).

[7] This Court notes that the complaint fails to adequately allege personal involvement by these Defendants in the events giving rise to Harris's § 1983 action. "A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The only facts alleged with respect to these Defendants concern their "awareness" of documentation showing a material change in Harris's employment and living conditions presented to the Court in a prior proceeding, and their refusal to adjust his support obligations

Defendants outside the scope of immunity. Specifically, Harris claims that Defendants introduced incorrect medical records verifying his ability to do sedentary work at a child support contempt hearing, which resulted in him being found in contempt of court. *Harris v. Hershey Med. Cntr.*, No. CIVIL 1:08-CV-843, 2009 WL 2762732, at *1 (M.D. Pa. Aug. 27, 2009). His physician subsequently wrote a letter to the Domestic Relations Section explaining the error with respect to his ability to work, which was introduced at a hearing where Harris sought to have his child support obligation reduced. *Id.* The presiding judge denied his request. *Id.* As Defendants clearly had no control over the outcome of these proceedings and were bound to act in accordance with the order of the court, the claims against these individuals are futile. Accordingly, the Court recommends dismissal of all individual-capacity claims against Defendants Gold, Gantz, Carothers, Coolbaugh, Newman, Deihl, Piper, and Dillman.

F. JUDICIAL IMMUNITY

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871)). "This immunity applies even when the judge is accused of acting maliciously and corruptly . . . ." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper

---

despite the acquisition of this documentation. However, Harris fails to allege facts demonstrating acquiescence to any misconduct.

administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (per curiam) (quoting *Bradley*, 80 U.S. (13 Wall.) at 347).

All of the allegations in the complaint regarding Judge Robert G. Bigham relate to actions taken by the judge with respect to his disposition, as presiding judge, of state court proceedings involving custody and child support. No facts are set forth demonstrating that Judge Bigham's actions were taken in clear absence of all jurisdiction. *See Stump*, 435 U.S. at 356–57; *Azubuko*, 443 F.3d at 303. Accordingly, all claims against Judge Robert G. Bigham must be dismissed with prejudice because he is entitled to absolute judicial immunity.

G. CLAIMS AGAINST ASSISTANT DISTRICT ATTORNEY BERNARD A. YANNETTI

To the extent Harris seeks to bring a civil rights action against Assistant District Attorney Bernard A. Yannetti for actions taken in his prosecutorial role in Harris's child support and custody proceedings, Assistant District Attorney Yannetti is entitled to prosecutorial immunity. Specifically, "[i]n Pennsylvania, assistant district attorneys 'are immune from suits seeking damages for actions taken . . . in the course of their official duties.'" *Gebhart v. Steffen*, 574 F. App'x 156, 160 (3d Cir. 2014) (quoting *Durham v. McElynn,* 772 A.2d 68, 69–70 (2001)). Here, Harris alleges that Assistant District Attorney Yannetti "den[ied] . . . or fail[ed] to intervene, recuse himself . . . or recommend[ ] modification on previous and . . . ongoing court order[s]." (Doc. 1, at 11).[8] It appears from the complaint that Harris contests

---

[8] This Court also notes that the complaint is devoid of any factual allegations to support Harris's claims against Assistant District Attorney Yannetti for retaliation, denial of due process, and malicious prosecution. As "threadbare recitals of the elements of a cause of action,

Assistant District Attorney Yannetti initiating a prosecution and presenting the state's "case" against Harris with respect to his child support obligations. As Harris does not allege that Assistant District Attorney Yannetti engaged in activities that were not inherently prosecutorial in nature, he is entitled to immunity from suit under § 1983 for actions taken in his prosecutorial capacity. Accordingly, the Court recommends dismissal of all claims against Assistant District Attorney Yennetti.

### III. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). In this case, it is not clear that amendment would be futile with respect to Harris's claims against Genevieve Dobson and Bernard A. Yannetti, nor is there any basis to believe it would be inequitable. It is therefore recommended that Harris be granted leave to amend his complaint within a specified time period following dismissal of his claims against Defendants Dobson and Yannetti only.

### IV. RECOMMENDATIONS

Based on the foregoing, it is recommended that:

1. All claims for injunctive relief be dismissed, as the *Younger* doctrine requires abstention;

2. All claims against Defendants Adams County Domestic Relations Section, William Gold, Susan Gantz, Kelly Carothers, Emily Coolbaugh, Sarah E.

---

supported by mere conclusory statements" do not suffice, dismissal for failure to state a claim is alternatively appropriate here.

   Deihl, Robert G. Bigham, Brett Dillman, Sherri Piper, and Carol N. Newman be **DISMISSED** and the case be terminated as to each of these Defendants;

3. Plaintiff be given thirty (30) days leave to amend his complaint with respect to his claims against Defendants Genevieve Dobson and Bernard A. Yannetti in accordance with Rule 8(e)(1) of the Federal Rules of Civil Procedure.

**BY THE COURT:**

**Dated: March 10, 2015**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY HARRIS,<br><br>    Plaintiff,<br><br> v.<br><br>ADAMS COUNTY DOMESTIC RELATIONS, et al.,<br><br>    Defendants | CIVIL ACTION NO. 1:14-CV-02074<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 10, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: March 10, 2015**　　　　　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**