UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY HARRIS,<br><br>               Plaintiff<br><br>v.<br><br>ADAMS COUNTY DOMESTIC<br>RELATIONS, et al.,<br><br>               Defendants | CIVIL ACTION NO. 1:14-CV-02074<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

Plaintiff Terry Harris, proceeding *pro se*, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 on October 28, 2014. (Doc. 1). Currently pending before this Court is a motion to withdraw Plaintiff's complaint. (Doc. 15). For the reasons provided herein, it is recommended that Plaintiff's motion be construed as a notice of voluntary dismissal and that the case be closed.

**I. BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Terry Harris filed the instant civil rights action on October 28, 2014, seeking compensatory damages, punitive damages, and an injunction vacating his child support payments and granting him visitation rights of his minor child against the Adams County Domestic Relation Section; Director William Gold; Assistant Director Susan Gantz; Supervisors Kelly Carothers and Emily Coolbaugh; Caseworkers Sarah E. Deihl and Brett Dillman; Judge Robert G. Bigham; Assistant District Attorney Bernard A. Yannetti; Administrative Assistant Sherri Piper; Carol N. Newman; and Genevieve Dobson. (Doc. 1). In his complaint, Harris alleged that the above-named Defendants violated his constitutional rights under the First, Eighth, and Fourteenth Amendments by refusing to grant him visitation rights

with regards to his son and refusing to modify his child support obligations in light of documentation attesting to an unspecified disability that interferes with his ability to secure permanent employment. (Doc. 1).

On March 10, 2015, the Court screened Plaintiff's complaint in accordance with 28 § U.S.C. 1915(e)(2). In conducting this mandatory screening function, the Court dismissed all of Plaintiff's claims for injunctive relief and terminated Defendants Adams County Domestic Relations Section, William Gold, Susan Gantz, Kelly Carothers, Emily Coolbaugh, Sarah E. Deihl, Robert G. Bigham, Brett Dillman, Sherri Piper, and Carol N. Newman from the action. The Court granted Plaintiff thirty (30) days leave to amend his complaint with respect to Defendants Genevieve Dobson and Bernard Yannetti.[1]

On June 17, 2015, Plaintiff submitted a letter requesting that his case be placed on "hold" until his release date from York County Prison on August 29, 2015. (Doc. 13). In response to that letter, the Court entered an Order on June 17, 2015, granting Plaintiff until September 15, 2015 to file an amended complaint. (Doc. 14). Rather than file an amended complaint, on September 15, 2015, Plaintiff filed a letter with the Court requesting that he be permitted to withdraw his complaint, as he intends to "move forward with the above case in state court." (Doc. 15, at 1).

---

[1] The District Court adopted the undersigned Magistrate Judge's Report & Recommendation in its entirety, on April 1, 2015. (Doc. 9).

## II. DISCUSSION

The Court has an obligation to liberally construe *pro se* pleadings and other submissions, particularly with respect to imprisoned *pro se* litigants. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-46 (3d Cir. 2013). Plaintiff does not cite Federal Rule of Civil Procedure 41(a)(2) itself, but it is clear that the intent of the letter is to request voluntary dismissal of his case pursuant to Rule 41(a)(1). (Doc. 17). With that in mind, this Court is inclined to liberally construe the letter as a notice of voluntary dismissal with regard to the entire action.

Voluntary dismissal is governed by Rule 41(a)(1). Rule 41(a)(1) "allows a plaintiff who complies with its terms to dismiss an action voluntarily and without court intervention." *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1065 (3d Cir. 1987). Specifically, Rule 41(a)(1) provides, in relevant part:

> [T]he plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. . . . Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state- court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Fed.R.Civ.P. 41(a)(1).

"This right of the plaintiff is 'unfettered'. . . . A proper notice deprives the district court of jurisdiction to decide the merits of the case." *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165-66 (3d Cir. 2008)(citations omitted). Moreover, "the notice results in dismissal without prejudice (unless it states otherwise), as long as the plaintiff has never dismissed an action based on or including the same claim in a prior case." *In re Bath & Kitchen Fixtures*, 535 F.3d at 165. The effect of a plaintiff filing a Rule 41(a)(1) notice of voluntary dismissal before the opposing party serves an answer or a motion for summary judgment is "automatic; the

notice is not a motion, defendant does not file a response, and no order of the district court is needed to end the action." *Houser v. Beard*, No. CIV.A. 10-0416, 2013 WL 3943510, at *4 (W.D. Pa. July 30, 2013) (citing *In re Bath & Kitchen Fixtures*, 535 F.3d at 165). Due to the procedural posture of the case, the letter, construed as a Rule 41(a)(1) notice of voluntary dismissal, is "self-effectuating" and thus, acts to terminate the action.

## III. RECOMMENDATION

Based on the foregoing, it is recommend that:

1. Plaintiff's letter (Doc. 15) be **CONSTRUED** as a notice of voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i);

2. This action be **DISMISSED WITHOUT PREJUDICE** at the request of the Plaintiff pursuant to Fed.R.Civ.P. 41(a)(1); and

3. The Clerk be directed to **CLOSE** this case.

Dated: September 16, 2015    *s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

TERRY HARRIS,

    Plaintiff

v.

ADAMS COUNTY DOMESTIC RELATIONS, et al.,

    Defendants

CIVIL ACTION NO. 1:14-CV-02074

(KANE, J.)
(MEHALCHICK, M.J.)

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **September 16, 2015**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: September 16, 2015

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**